Kristin L. Marker (State Bar No. 278596)
kmarker@qslwm.com
Quilling, Selander, Lownds,
Winslett & Moser
6900 Dallas Parkway, Suite 800
Plano, TX 75024
Telephone: (214) 560-5442
Facsimile: (214) 871-2100
**Counsel for Trans Union LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. PHILLIPS,<br><br>      Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC,<br><br>      Defendant. | Case No. 2:20-cv-00916-JFW-AGR<br><br>Hon. John A. Walter<br><br>**DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Trans Union LLC ("Trans Union"), by and through its undersigned counsel, hereby answer the Plaintiff's Complaint as follows:

## NATURE OF THE ACTION

1.   Trans Union admits that Plaintiff has asserted claims against Defendant for violations of the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ("FCRA"). Trans Union denies the remaining allegations contained in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.   Trans Union admits that jurisdiction is proper in this Court, pursuant to 15 U.S.C. § 1681 and 28 U.S.C. § 1331. Trans Union is without information or

1

4224270.1

knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint and, therefore, denies same.

3. Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in the Central District of California. Trans Union further admits that it is authorized to do business within the State of California. Trans Union denies the remaining allegations contained in paragraph 3 of the Complaint.

## PARTIES

4. Trans Union admits that Plaintiff is a consumer as defined in 15 U.S.C. § 1681a(c). Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union admits that it is a corporation authorized to do business within the State of California. Trans Union admits that it is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. Trans Union denies the remaining allegations contained in paragraph 5 of the Complaint.

## FACTS SUPPORTING CAUSE OF ACTION

6. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies same.

7. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

4224270.1

8. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

11. Trans Union denies the allegations contained in paragraph 11 of the Complaint.

12. Trans Union denies the allegations contained in paragraph 12 of the Complaint.

13. Trans Union denies the allegations contained in paragraph 13 of the Complaint.

14. Trans Union admits that in November of 2019, Plaintiff contacted Trans Union, via telephone, regarding information contained in his Trans Union credit file. Trans Union denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Trans Union admits that in November of 2019, Plaintiff contacted Trans Union, via telephone, regarding information contained in his Trans Union credit file. Trans Union denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Trans Union admits that it forwarded Plaintiff's disputes and all relevant information to American Express, Capital One Bank, Credit One Bank, Don Roberto Jewelers, Kohls Department Store, LVNV Funding LLC, Midland Funding, and Self Help FED.

4224270.1

17. Trans Union denies the allegations contained in paragraph 17 of the Complaint.

18. Trans Union denies the allegations contained in paragraph 18 of the Complaint.

19. Trans Union denies the allegations contained in paragraph 19 of the Complaint.

20. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

21. Trans Union denies the allegations contained in paragraph 21 of the Complaint.

22. Trans Union denies the allegations contained in paragraph 22 of the Complaint.

23. Trans Union denies the allegations contained in paragraph 23 of the Complaint.

24. Trans Union denies the allegations contained in paragraph 24 of the Complaint.

**IMPACT OF INACCURATE INFORMATION ON PLAINTIFF'S CREDIT FILE**

25. Trans Union denies the allegations contained in paragraph 25 of the Complaint.

26. Trans Union denies the allegations contained in paragraph 26 of the Complaint.

27. Trans Union denies the allegations contained in paragraph 27 of the Complaint.

28. Trans Union denies the allegations contained in paragraph 28 of the Complaint.

4224270.1

29. To the extent the allegations contained in paragraph 29 of the Complaint are directed at Trans Union, Trans Union denies such allegations.

30. To the extent the allegations contained in paragraph 30 of the Complaint are directed at Trans Union, Trans Union denies such allegations.

31. Trans Union denies the allegations contained in paragraph 31 of the Complaint.

**COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT**

32. Trans Union restates and incorporates its responses to paragraphs 1 through 31 above as though fully stated herein.

33. Trans Union admits the allegations contained in paragraph 32 of the Complaint.

34. Trans Union admits that it is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Trans Union also admits it is a national credit reporting agency.

35. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies same.

36. Trans Union admits that Plaintiff is a consumer as defined in 15 U.S.C. § 1681a(c).

    a. **Violations of 15 U.S.C. § 1681e(b)**

37. The provisions of the FCRA are self-evident and speak for themselves. To the extent a response is required, Trans Union denies the allegations contained in paragraph 37 of the Complaint.

38. The FCRA is self-evident and speaks for itself. To the extent a response is required, Trans Union denies the allegations contained in paragraph 38 of the Complaint.

39. Trans Union denies the allegations contained in paragraph 39 of the Complaint.

40. Trans Union denies the allegations contained in paragraph 40 of the Complaint.

41. Trans Union denies the allegations contained in paragraph 41 of the Complaint.

42. Trans Union denies the allegations contained in paragraph 42 of the Complaint.

43. Trans Union denies the allegations contained in paragraph 43 of the Complaint.

44. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and, therefore, denies same.

45. Trans Union denies the allegations contained in paragraph 44 of the Complaint.

46. Trans Union denies the allegations contained in paragraph 46 of the Complaint.

47. Trans Union denies the allegations contained in paragraph 47 of the Complaint.

      b. **Violations of 15 U.S.C. § 1681i-§ 1681g**

48. The FCRA is self-evident and speaks for itself. To the extent a response is required, Trans Union denies the allegations contained in paragraph 48 of the Complaint.

49. The provisions of the FCRA are self-evident and speak for themselves. To the extent a response is required, Trans Union denies the allegations contained in paragraph 49 of the Complaint.

4224270.1

50. Trans Union denies the allegations contained in paragraph 50 of the Complaint.

51. Trans Union denies the allegations contained in paragraph 51 of the Complaint.

52. Trans Union denies the allegations contained in paragraph 52 of the Complaint.

53. Trans Union denies the allegations contained in paragraph 53 of the Complaint.

54. Trans Union denies the allegations contained in paragraph 54 of the Complaint.

55. Trans Union denies the allegations contained in paragraph 55 of the Complaint.

56. Trans Union denies the allegations contained in paragraph 56 of the Complaint.

57. Trans Union denies the allegations contained in paragraph 57 of the Complaint.

58. Trans Union denies the allegations contained in paragraph 58 of the Complaint.

59. Trans Union denies the allegations contained in paragraph 59 of the Complaint.

60. Trans Union denies the allegations contained in paragraph 60 of the Complaint.

61. Trans Union denies the allegations contained in paragraph 61 of the Complaint.

62. Trans Union denies the allegations contained in paragraph 62 of the Complaint.

63. Trans Union denies the allegations contained in paragraph 63 of the Complaint.

4224270.1

64. Trans Union denies the allegations contained in paragraph 64 of the Complaint.

Trans Union denies the allegations contained in the prayer of the Complaint, including all subparts.

## DEFENSES

65. Without admitting it has a burden of proof on the issue, at all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

66. Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

67. Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

68. Trans Union at all times acted in compliance with the FCRA.

69. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

70. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of California.

71. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

72. Plaintiff's claim for declaratory relief is not authorized, provided for, or allowed under the FCRA, 15 USC §1681 *et. seq*.

73. Any credit report or information released by Trans Union to a third party concerning Plaintiff was done with Plaintiff's explicit or implicit consent.

4224270.1

74. Trans Union reserves the right to assert additional defenses that it may learn of through the course discovery.

WHEREFORE, Trans Union respectfully requests that this Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and order such other and further relief as the Court deems just.

DATED:  February 21, 2020

QUILLING SELANDER LOWNDS
WINSLETT & MOSER, P.C.

By: */s/ Kristin Marker*
    Kristin Marker
    Counsel for TRANS UNION LLC

# CERTIFICATE OF SERVICE

**STATE OF TEXAS, COUNTY OF COLLIN**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Collin, State of Texas. My business address is 6900 N. Dallas Parkway, Suite 800, Plano, Texas 75024.

On February 21, 2020, I served true copies of the following document(s) described as **DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 21, 2020, at Plano, Texas.

By: */s/ Kristin Marker*
      Kristin Marker

4224270.1

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | Nicholas M. Wajda |
| 3 | nick@wajdalawgroup.com |
| | Wajda Law Group APC |
| 4 | 6167 Bristol Parkway, Suite 200 |
| 5 | Culver City, CA 90230 |
| | (310) 997-0471 |
| 6 | (866) 286-8433 Fax |
| 7 | and |
| | Taxiarchis Hatzidimitriadis |
| 8 | thatz@sulaimanlaw.com |
| 9 | Sulaiman Law Group Ltd. |
| | 2500 South Highland Ave., Suite 200 |
| 10 | Lombard, IL 60148 |
| 11 | (630) 575-8181 |
| | (630) 575-8188 Fax |
| 12 | *Counsel for Plaintiff* |

11

4224270.1